IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES RAMSEY**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:09-CV-1942-L** |
| | § | |
| **STEVENS TRANSPORT, INC.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Remand, filed on March 12, 2010.  After carefully reviewing the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Remand.

Plaintiff James Ramsey ("Plaintiff") filed his Original Petition in the County Court at Law Number 3, Dallas County, Texas, on March 16, 2009, alleging negligence resulting in personal injuries sustained while on the job and in the course of employment by Defendant Stevens Transport, Inc. ("Defendant").  Plaintiff amended his petition on September 14, 2009, to add a claim alleging that Defendant's Accident/Injury Plan (the "Plan") wrongfully denied him benefits available under the Plan.  Following the addition of this claim, Defendant removed the case to this court on the basis of federal question jurisdiction and demonstrated that relief sought under the Plan triggered the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

On March 15, 2010, the court granted Plaintiff leave to file a stipulation of dismissal as to the ERISA claim, eliminating the only "federal question" of Plaintiff's complaint.  Pursuant to this partial dismissal, Plaintiff has requested that this case be remanded to state court.  The court directed Defendant to respond by March 29, 2010, with any objections to the remand.  Defendant timely filed its response in opposition to the remand on March 29, 2010.

In ruling on a motion to remand, the court must consider the pleading that was live at the time of removal. "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Under this standard, the court looks to Plaintiff's First Amended Original Petition that was filed in state court. In that pleading, he asserted a claim for deprivation of benefits under the Plan, which is preempted by ERISA. *See McNeil v. Times Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000). Accordingly, at the time of removal, Plaintiff pleaded a claim that created a basis for removal.

Plaintiff now has omitted the federal claim from his pleading. In Defendant's Notice of Removal, the only cause of action specifically referred to is the denial of benefits claim, to which Plaintiff has stipulated to dismissal. "The rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985). While the court held in *Boelens* that a plaintiff could not voluntarily amend, or dismiss a claim, as here, to destroy federal question jurisdiction, that decision must be considered in light of the more recent Supreme Court case of *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), which created an exception to this general rule.

In *Carnegie-Mellon*, the Court specifically considered whether the appellate court was correct in denying a petition for a writ of mandamus to a district judge. The underlying action in *Carnegie-Mellon* involved two plaintiffs who brought claims in state court relating to the termination of one of the plaintiff's employment with the university. *Id.* at 345. Plaintiffs brought

both state and federal claims in the state court action.  *Id.*  Defendants removed the case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a).  Six months after the case was removed, the plaintiffs moved to amend their complaint and omit certain claims, including their only federal claim for age discrimination.  *Id.* at 346.  They also filed a motion to remand the case, conditioned upon the court granting their motion for leave to amend.  *Id.*  The court granted the motion for leave to amend and then remanded the remaining state claims to state court.  *Id.*

Defendants then filed a petition for a writ of mandamus against the district court judge in the United States Court of Appeals for the Third Circuit.  *Id.* at 347.  Initially, a panel granted the petition.  *Id.*  Later, the court, sitting *en banc*, vacated the panel opinions and the writ of mandamus. *Id.* at 348.  The Court then granted *certiorari* to "resolve the split among the Circuits as to whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain."  *Id.*

The Court held that a district court has such discretion.  It concluded:

> [A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.  The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*Id.* at 357.  Thus it is clear to the court that, after allowing partial dismissal of Plaintiff's denial of benefits under the Plan claim, triggering ERISA, the decision to remand is within its discretion.

The court determines that Plaintiff intended to omit his denial of benefits under the Plan claim when he filed the stipulation of partial dismissal.  Accordingly, only state claims remain in

**Memorandum Opinion and Order – Page 3**

this action.  Although Defendant opposes remand and argues that analysis of the factors in *Carnegie-Mellon* support keeping this action in federal court, the court disagrees.  This case has been pending in this court for less than a year.[*]  Remanding to the state court would be preferable because the state court is better suited to handle these claims and there is no purpose served in keeping those claims in federal court.

Defendant further argues that remand is inappropriate because the parties have proceeded litigating in federal court with respect to the ERISA claim through requests for production and noticed depositions, which have been attached as an appendix.  Because the ERISA claim has since been dismissed, however, such discovery is unnecessary.  That the parties had originally reached a plan of discovery with respect to the federal claim does not militate in favor of this action remaining in federal court when the federal claim no longer exists.  Moreover, this action was originally filed in state court and this action is in federal court solely because of the ERISA claim.  No purpose is served by forcing Plaintiff to litigate in a forum where the reason for litigating in that forum is no longer applicable.

Accordingly, pursuant to the stipulation of partial dismissal with respect to the ERISA claim, Plaintiff's Motion for Remand is **granted**.  This case is **remanded** to the County Court at Law Number 3, Dallas County, Texas, pursuant to *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988).  Defendants' Motion for Protective Order, or, in the Alternative, Defendants' Motion to Limit Scope of Discovery of Subject Matter, filed March 29, 2010, is therefore **denied as moot**.  The clerk of the court shall effect the remand in accordance with the usual procedure.

---

[*]In *Carnegie-Mellon*, the action had been pending in federal court for six months before the motions to amend and remand were filed.  Here, the case has been pending for just over five months.

**Memorandum Opinion and Order – Page 4**

**It is so ordered** this 31st day of March, 2010.

Sam A. Lindsay
United States District Judge